# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| PATRICK RICHARD GRACE, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> CAROLYN W. COLVIN,[1] ) <br> **Acting Commissioner of Social Security,** ) <br> ) <br> **Defendant.** ) <br> _____ ) | **CIVIL ACTION** <br><br> **No. 12-1017-JWL** |

## MEMORANDUM AND ORDER

Plaintiff seeks review of a decision of the Commissioner of Social Security (hereinafter Commissioner) denying Social Security Disability(SSD) benefits and Supplemental Security Income (SSI) benefits under sections 216(i), 223, 1602, and 1614(a)(3)(A) of the Social Security Act. 42 U.S.C. §§ 416(i), 423, 1381a, and 1382c(a)(3)(A) (hereinafter the Act). Finding error in the Commissioner's evaluation of the medical opinion, the court ORDERS that the decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceeding consistent with this opinion.

---

[1]On February 14, 2013, Carolyn W. Colvin became Acting Commissioner of Social Security. In accordance with Rule 25(d)(1) of the Federal Rules of Civil Procedure, Ms. Colvin is substituted for Commissioner Michael J. Astrue as the defendant. In accordance with the last sentence of 42 U.S.C. § 405(g), no further action is necessary.

**I.	Background**

Plaintiff applied for SSD and SSI, alleging disability beginning April 2, 2006. (R. 12, 107-11). In due course, Plaintiff exhausted proceedings before the Commissioner, and now seeks judicial review of the final decision denying benefits. He alleges the Administrative Law Judge (ALJ) erred in evaluating his back impairments at step three of the Commissioner's five-step sequential evaluation process; erroneously evaluated the medical opinions in the record; and erroneously discounted the credibility of Plaintiff's allegations of symptoms.

The court's review is guided by the Act. Wall v. Astrue, 561 F.3d 1048, 1052 (10th Cir. 2009). Section 405(g) of the Act provides that in judicial review "[t]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). The court must determine whether the ALJ's factual findings are supported by substantial evidence in the record and whether he applied the correct legal standard. Lax v. Astrue, 489 F.3d 1080, 1084 (10th Cir. 2007); accord, White v. Barnhart, 287 F.3d 903, 905 (10th Cir. 2001). Substantial evidence is more than a scintilla, but it is less than a preponderance; it is such evidence as a reasonable mind might accept to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Wall, 561 F.3d at 1052; Gossett v. Bowen, 862 F.2d 802, 804 (10th Cir. 1988).

The court may "neither reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman v. Astrue, 511 F.3d 1270, 1272 (10th Cir. 2008) (quoting Casias v. Sec'y of Health & Human Servs., 933 F.2d 799, 800 (10th Cir. 1991)); accord,

Hackett v. Barnhart, 395 F.3d 1168, 1172 (10th Cir. 2005). Nonetheless, the determination whether substantial evidence supports the Commissioner's decision is not simply a quantitative exercise, for evidence is not substantial if it is overwhelmed by other evidence or if it constitutes mere conclusion. Gossett, 862 F.2d at 804-05; Ray v. Bowen, 865 F.2d 222, 224 (10th Cir. 1989).

The Commissioner uses the familiar five-step sequential process to evaluate a claim for disability. 20 C.F.R. §§ 404.1520, 416.920; Wilson v. Astrue, 602 F.3d 1136, 1139 (10th Cir. 2010) (citing Williams v. Bowen, 844 F.2d 748, 750 (10th Cir. 1988)). "If a determination can be made at any of the steps that a claimant is or is not disabled, evaluation under a subsequent step is not necessary." Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In the first three steps, the Commissioner determines whether claimant has engaged in substantial gainful activity since the alleged onset, whether he has a severe impairment(s), and whether the severity of his impairment(s) meets or equals the severity of any impairment in the Listing of Impairments (20 C.F.R., Pt. 404, Subpt. P, App. 1). Williams, 844 F.2d at 750-51. After evaluating step three, the Commissioner assesses claimant's RFC. 20 C.F.R. § 404.1520(e). This assessment is used at both step four and step five of the sequential evaluation process. Id.

The Commissioner next evaluates steps four and five of the sequential process-- determining at step four whether, in light of the RFC assessed, claimant can perform his past relevant work; and at step five whether, when also considering the vocational factors of age, education, and work experience, claimant is able to perform other work in the

3

economy. Wilson, 602 F.3d at 1139 (quoting Lax, 489 F.3d at 1084). In steps one through four the burden is on Plaintiff to prove a disability that prevents performance of past relevant work. Blea v. Barnhart, 466 F.3d 903, 907 (10th Cir. 2006); accord, Dikeman v. Halter, 245 F.3d 1182, 1184 (10th Cir. 2001); Williams, 844 F.2d at 751 n.2. At step five, the burden shifts to the Commissioner to show that there are jobs in the economy which are within the RFC assessed. Id.; Haddock v. Apfel, 196 F.3d 1084, 1088 (10th Cir. 1999).

The court finds that remand is necessary because the ALJ erroneously evaluated the medical opinions in the record. Finding that remand is necessary in this case, the court declines to address the remaining allegations of error suggested by Plaintiff. He may make those arguments to the Commissioner on remand.

## II. Evaluation of the Medical Opinions

Plaintiff claims the ALJ provided insufficient and erroneous reasons to discount the medical opinions of three physicians who examined Plaintiff, and erroneously accorded too much weight to the opinion of a non-examining state agency physician who reviewed the record evidence and formulated her opinion without the benefit of two of the examining physicians' reports regarding restrictions resulting from Plaintiff's impairments. The Commissioner responds that the ALJ properly considered the regulatory factors and properly weighed the medical opinion evidence, explaining the evidentiary bases for the weight accorded each opinion. She argues that substantial record evidence supports the ALJ's findings in this regard.

4

### A. The ALJ's Findings

The ALJ identified four physicians who provided medical opinions regarding Plaintiff's abilities and restrictions resulting from his impairments, Dr. Lapre, who examined Plaintiff for the Department of Veterans' Affairs (VA) and provided an evaluation of his capabilities; Dr. Surber, who provided a report of a physical examination at the request of the state agency; Dr. Kent, who provided a report of a physical examination at the request of Plaintiff's attorney; and Dr. Chaudhuri, a state agency physician, who reviewed the medical records and completed a Physical Residual Functional Capacity Assessment form. (R. 16-17). The ALJ evaluated the medical opinions of each of these physicians, accorded weight to the opinions, and explained the reasons for the weight accorded. Id. He accorded "little weight" to Dr. Lapre's opinion because it "is not consistent with the physician's own medical findings" (R. 16), "limited weight" to Dr. Surber's opinion because Dr. Surber examined Plaintiff only once and because his opinion does not reflect his medical findings, id., "little weight" to Dr. Kent's opinion "because he was hired by the claimant to perform this one-time physical examination, which is not consistent with the medical evidence of record as a whole," id. at 17, and "significant weight" to Dr. Chaudhuri's opinion because her opinion "is supported by objective findings and is not inconsistent with other substantial evidence." Id.

### B. Standard for Evaluating Medical Opinions

Unless a treating source opinion is given controlling weight, all medical opinions will be evaluated by the Commissioner in accordance with factors contained in the regulations. 20 C.F.R. §§ 404.1527(d), 416.927(d); SSR 96-5p, West's Soc. Sec. Reporting Serv., Rulings 123-24 (Supp. 2013). Those factors are: (1) length of treatment relationship and frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion. Watkins v. Barnhart, 350 F.3d 1297, 1300-01 (10th Cir. 2003) (citing 20 C.F.R. §§ 404.1527, 416.927); see also Drapeau v. Massanari, 255 F.3d 1211, 1213 (10th Cir. 2001) (citing Goatcher v. Dep't of Health & Human Servs., 52 F.3d 288, 290 (10th Cir. 1995)). After considering the regulatory factors, the ALJ must give good reasons in his decision for the weight he ultimately assigns an opinion.

### C. Analysis

As a preliminary matter, the court notes that although Dr. Lapre treated Plaintiff at the VA, the ALJ did not evaluate her opinion as a treating source opinion, and Plaintiff does not allege error in this fact. As the Commissioner points out, Dr. Lapre's opinion was completed on October 20, 2010, the date of Plaintiff's first contact with Dr. Lapre.

Compare R. 266 with R. 229-31.  Therefore, it was correct for the ALJ to treat the opinion as that of a non-treating source, based upon one examination of Plaintiff.

The ALJ discounted Dr. Lapre's opinion because it was not consistent with her own medical findings, and cited as one example the MRI to which Dr. Lapre referred in her treatment notes which showed "mild degenerative disc disease." (R. 16) (see also, MRI report, R. 205 ("Impression:  minimal and mild disc bulging at L4-L5 and L5-S1 respectively.")).  Plaintiff argues that the ALJ erroneously relied on his own medical opinion to interpret the MRI as inconsistent with Dr. Lapre's opinion, and asserts that "Medical ratings of mild and moderate cannot be equated by the ALJ with the degree of functional disability." (Pl. Br. 9) (citing, without pinpoint citation, and providing for the court a copy of 12-page unpublished opinion by Judge Kelly of this court, Standish v. Heckler, slip op., Civ. A. No. 83-1671 (D. Kan. 6 Aug. 1984)).

The court finds no error in the reason given by the ALJ to discount Dr. Lapre's opinion.  The MRI report to which Dr. Lapre referred in her treatment notes contained the "Impression" cited above and included on the next line the "Primary Diagnostic Code: MINOR ABNORMALITY." (R. 205).  Further, Dr. Lapre ordered a series of x-rays of Plaintiff's cervical spine on the same day of her examination and of her opinion which revealed an "Impression" of "minimal degenerative changes," and also included the notation "Primary Diagnostic Code:  MINOR ABNORMALITY." (R. 203).  A minor abnormality with regard to degenerative disc disease is clearly not consistent with Dr. Lapre's finding that Plaintiff is "Disabled by his chronic back pain [and] would not be

7

able to sit or stand for any significant part of [the] day." (R. 266). There may be other bases for Dr. Lapre's opinion to which Plaintiff does not direct the court's attention, but the ALJ's finding regarding this inconsistency is supported by the record evidence.

Moreover, although an ALJ is not an acceptable medical source qualified to render a medical opinion, it is "the ALJ, not a physician, [who] is charged with determining a claimant's RFC from the medical record." Howard v. Barnhart, 379 F.3d 945, 949 (10th Cir. 2004). "And the ALJ's RFC assessment is an administrative, rather than a medical determination." McDonald v. Astrue, 492 F. App'x 875, 885 (10th Cir. 2012) (citing Social Security Ruling (SSR) 96-05p, 1996 WL 374183, at *5 (July 1996)). Because an RFC assessment is made based on "all of the evidence in the record, not only the medical evidence, [it is] well within the province of the ALJ." Dixon v. Apfel, No. 98-5167, 1999 WL 651389, at **2 (10th Cir. Aug. 26, 1999); 20 C.F.R. §§ 404.1545(a), 416.945(a). And, the final responsibility for determining RFC rests with the Commissioner. 20 C.F.R. §§ 404.1527(e)(2), 404.1546, 416.927(e)(2), 416.946. Therefore, the court does not find that by noting this inconsistency the ALJ substituted his medical opinion for that of Dr. Lapre. Rather, he pointed out a fact which is intuitively obvious--Dr. Lapre's opinion is inconsistent with her medical findings.

Finally, the case of Standish does not require a different conclusion. First, that case is not controlling precedent in this court. Moreover, Plaintiff did not provide a pinpoint citation so that the court might ascertain where Plaintiff believes the rationale appears which might persuade this court of the proposition asserted in Plaintiff's brief.

8

The court has read the Standish opinion and is unable to locate a holding in that opinion which would preclude an ALJ from finding that a physician's opinion is inconsistent with the medical findings in her medical records.

The ALJ discounted Dr. Surber's opinion because Dr. Surber performed only a one-time examination and because his opinion "does not accurately reflect the findings he made in the medical evidence of record." (R. 16). Plaintiff asserts this is error because the "ALJ did not explain how he was able to come to this medical conclusion." (Pl. Br. 9). The Commissioner asserts that the ALJ discounted Dr. Surber's opinion because he "only examined Plaintiff once and his assessment was not consistent with the record as a whole." (Comm'r Br. 28). She argues that Plaintiff's argument ignores the ALJ's "detailed discussion of the objective medical evidence" and the opinions of the state agency physicians, including Dr. Chaudhuri. Id.

First, the Commissioner's argument misconstrues the decision. The ALJ did not discount Dr. Surber's opinion because Dr. Surber's assessment was not consistent with the record as a whole, but as quoted above, he discounted the physician's opinion because it does not reflect the findings Dr. Surber made in the medical evidence of record. (R. 16). Consequently, the ALJ's discussion of the objective medical evidence and of the reports of Dr. Chaudhuri are essentially irrelevant to the ALJ's discounting the opinion of Dr. Surber. Moreover, neither the ALJ nor the Commissioner's Brief point to any specific findings by Dr. Surber that are inconsistent with his opinion.

9

The ALJ stated that Dr. Surber ordered x-rays of Plaintiff's lumbar spine which revealed mild degenerative disc disease and that Dr. Surber reported that Plaintiff has "decreased voluntary mobility in his upper, middle, and lower back." (R. 16). Perhaps it is these findings which the ALJ found inconsistent with Dr. Surber's opinion, but he did not specifically say so--he merely stated those findings (among others), summarized Dr. Surber's opinion, and then stated that he discounted the opinion because it was inconsistent with Dr. Surber's findings. Id. This is different than the ALJ's discussion of Dr. Lapre's opinion just one paragraph earlier in which he specifically identified an example of the inconsistencies he found between Dr. Lapre's findings and her opinion.

Moreover, the alleged inconsistencies with regard to Dr. Surber's opinion are not obvious as the inconsistency discussed with Dr. Lapre's opinion. First, the ALJ did not explain the reference to "decreased voluntary mobility." Perhaps it means that Plaintiff is intentionally and unnecessarily decreasing the mobility of his spine. Perhaps it means that Plaintiff's voluntary nervous system has decreased control over the mobility of his spine. These two interpretations lead to diametrically opposed understandings of Dr. Surber's finding. Perhaps the reference means something else entirely. The court does not know, and the ALJ did not explain. Additionally, Dr. Surber's opinion is not nearly so restricting as Dr. Lapre's, so it is not so clear that the limitations opined by Dr. Surber are inconsistent with a finding of mild degenerative disc disease. Again, the ALJ did not say. The ALJ did not explain the inconsistencies he found, and the court may not provide

a post hoc rationalization for the ALJ's finding.  Grogan v. Barnhart, 399 F.3d 1257, 1263 (10th Cir. 2005).

The ALJ discounted Dr. Kent's opinion "because he was hired by the claimant to perform this one-time physical examination, which is not consistent with the medical evidence of record as a whole."  (R. 17).  Plaintiff argues that it is error to discount a physician's opinion because he was hired by Plaintiff, because every physician who provides an opinion is hired by someone.  He argues that the ALJ did not consider that Dr. Kent's opinion is in fact consistent with Dr. Lapre's opinion.  The Commissioner argues that the ALJ merely noted that Dr. Kent was hired by Plaintiff in order to distinguish his opinion from the usual case involving a consultant, such as Dr. Surber, hired by the state agency to perform an examination.  She argues that the ALJ provided two reasons to discount Dr. Kent's opinion, that it was based on a one-time examination and is inconsistent with the record as a whole.  She then points to inconsistencies between the record evidence and Dr. Kent's opinion which, in her view, support the ALJ's finding.  The court agrees with Plaintiff that it is an improper basis to discount a medical opinion because the provider was paid for by the Plaintiff.  However, it is also inclined to agree with the Commissioner that the ALJ was merely pointing out that Dr. Kent was "hired by the claimant" to distinguish his report from that of, for example, a state consultant's examination, a treating source examination, a second opinion, or a workers' compensation independent medical examination.  Nevertheless, because the court finds error in the ALJ's characterization of "the medical evidence of record as a whole," it need

11

not decide the issue whether the ALJ discounted Dr. Kent's opinion because he was hired by Plaintiff. Also, it will hold its discussion of the "record evidence as a whole" till after it considers the ALJ's evaluation of Dr. Chaudhuri's opinion.

The ALJ accorded "significant weight" to Dr. Chaudhuri's opinion because it is "supported by objective findings and is not inconsistent with other substantial evidence." (R. 17). Plaintiff argues that it was error to accord such weight to the opinion of a non-examining physician who merely examined the record, especially where the record when Dr. Chaudhuri examined it did not include the opinion of either Dr. Lapre or Dr. Kent. The Commissioner argues that after he "effectively discounted Dr. Lapre, Dr. Kent, and Dr. Suber's examining opinions, the ALJ was well within his province to give more weight instead [to] Dr. Chaudhuri's non-examining opinion." (Comm'r Br. 29). She asserts that "Plaintiff's argument essentially asks the court to reweigh the evidence which it may not do," and that substantial record evidence supports the ALJ's findings regarding the medical opinions which should be affirmed. (Comm'r Br. 30).

The real problem with the ALJ's evaluation of the medical opinions is that it is so broad and nonspecific as to say virtually nothing. Consequently, both Plaintiff and the Commissioner have searched the record, found evidence therein which tends to support his or her view regarding disability, and have argued that the court should decide in his or her favor. As the Commissioner points out, the court may not "reweigh the evidence nor substitute [its] judgment for that of the agency." Bowman, 511 F.3d at 1272; accord, Hackett, 395 F.3d at 1172. The question is whether substantial record evidence supports

the ALJ's rationale. Since the ALJ did not make specific findings, the court is unable to determine what the findings are and, consequently, is unable to determine whether substantial record evidence supports those findings.

The only finding which the ALJ supported with specific record evidence was his finding that Dr. Lapre's opinion is inconsistent with the x-ray and MRI reports contained in her medical records. As discussed above, he did not explain the findings Dr. Suber made which are allegedly not consistent with his medical opinion. With regard to Dr. Kent's opinion, the ALJ stated that it was not consistent with the medical evidence as a whole, and he stated that Dr. Chaudhuri's opinion was not inconsistent with "other substantial evidence." However, he did not point out clearly what the medical evidence as a whole presents or in what way that is inconsistent with Dr. Kent's opinion. On the other hand he did not point out what the "other substantial evidence" presents or in what way Dr. Chaudhuri's opinion is "not inconsistent" with it.

This error would no doubt be mitigated, and might even be corrected if the ALJ had clearly summarized the record evidence, and had clearly explained the conclusions which flow from it. However, the entirety of the ALJ's summary of the record evidence appears in two paragraphs, one spanning pages 14 and 15 of the record within the ALJ's step two analysis, and the other within the ALJ's RFC assessment and spanning pages 15 and 16 of the record. Within neither of these summaries did the ALJ explain what about the evidence precludes finding that Plaintiff might be disabled as a result of his impairments.

Moreover, the ALJ's finding that Dr. Chaudhuri's opinion is not inconsistent with "other substantial evidence" simply ignores the opinions of the three physicians who had examined Plaintiff and provided reports indicating significant limitations in Plaintiff's physical capacity for work--Dr. Lapre, Dr. Kent, and Dr. Surber. In fact, Dr. Lapre and Dr. Kent provided limitations which would clearly preclude all work. "Substantial evidence" has long been defined as such evidence as a reasonable mind might accept to support a conclusion. Perales, 402 U.S. at 401; Wall, 561 F.3d at 1052; Gossett, 862 F.2d at 804. Even though the ALJ discounted these opinions, to say that they are not substantial evidence is to imply that the physicians are not reasonable. Clearly, each of the opinions constitutes substantial evidence. That is not to say that the opinions must be accepted by the Commissioner, but it is to say that the record does not support the ALJ's finding that Dr. Chaudhuri's opinion is "not inconsistent" with other substantial evidence.

Finally, when only four different medical opinions are in the record[2] and three of them present significant limitations in Plaintiff's abilities, it begins to suggest that the medical evidence as a whole may be as those physicians see it. Again, the court does not intend to imply that on remand the Commissioner must find Plaintiff disabled. Rather, the court requires that the Commissioner explain the weight accorded to each opinion, and support her findings with specific, substantial record evidence.

---

[2]The court is aware that Dr. Richard provided a medical opinion affirming Dr. Chaudhuri's opinion. (R. 201). But, as the ALJ apparently recognized, Dr. Richard's and Dr. Chaudhuri's opinions are one and the same.

14

**IT IS THEREFORE ORDERED** that the Commissioner's decision shall be REVERSED and that judgment shall be entered pursuant to the fourth sentence of 42 U.S.C. § 405(g) REMANDING the case for further proceeding consistent herewith.

Dated this 1st day of November 2013, at Kansas City, Kansas.

                                      s:/ John W. Lungstrum
                                      **John W. Lungstrum**
                                      **United States District Judge**